UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        NO. CIV. S-01-2127 LKK/GGH

    Plaintiff,

  v.                        O R D E R

REAL PROPERTY LOCATED AT 18025
N. QUARTZ MOUNTAIN ROAD, AMADOR
COUNTY, FIDDLETOWN, CALIFORNIA,
APN: 015-320-019-000, INCLUDING
ALL APPURTENANCES AND IMPROVEMENTS
THERETO,

    Defendant.
_____/

WILLIAM LOCKYER and WILLIAM OLSON,

    Claimants.
_____/

    William Lockyer's and William Olson's ("claimants") motion to set side the final judgment of forfeiture in the above-captioned case is currently scheduled for hearing on the court's June 13, 2005 Law and Motion calendar. Having considered the motion, the court determines that claimants may not solely

1

challenge the final judgment of forfeiture.[1]  Rather, claimants must first challenge the magistrate judge's May 6, 2004 Findings and Recommendations and the Order adopting it in full.

Accordingly, the court hereby ORDERS:

1. Claimants are directed to file a motion to set aside the magistrate judge's May 6, 2004 Findings and Recommendations and the Order adopting it in full, in addition to the final judgment of forfeiture.

2. In order to provide the parties adequate time to refile their briefs, claimants' motion is CONTINUED to the August 1, 2005 Law and Motion Calendar.  Claimants shall refile their moving brief by July 1, 2005 at 4:00 p.m.  The United States shall refile its opposition brief by July 18, 2005 at 4:00 p.m., and claimants shall refile their reply brief by July 25, 2005 at 4:00 p.m.

3. In addition to filing their briefs, the parties shall also send a Word or Wordperfect version of their briefs to Tim Hinkle, Judicial Assistant, at thinkle@caed.uscourts.gov.

////

---

[1] On May 6, 2004, the magistrate judge issued findings and recommendations recommending the district court strike Lockyer's and Olson's claims based on discovery delays and failure to abide by the court's orders.  On July 28, 2005, Judge Levi adopted in full the May 6, 2004 Findings and Recommendations.  Thus, on September 17, 2004, only the United States of America and CitiMortgage (the Mortgagee) remained as parties, which later stipulated to the final judgment of forfeiture, as signed by this court on September 30, 2004.  Because only the United States and the mortgagee were parties to the final judgment of forfeiture, it appears that claimants may challenge the final judgment of forfeiture only by also challenging the July 28, 2005 order which dismissed their claims.

1    4.   The sale of the property at issue is stayed pending the
2 disposition of the claimant's motions.  The United States Marshals
3 Service shall take no further action to sell the property.
4    IT IS SO ORDERED.
5    DATED:  June 1, 2005.

            /s/Lawrence K. Karlton
            LAWRENCE K. KARLTON
            SENIOR JUDGE
            UNITED STATES DISTRICT COURT