```
 1  McGREGOR W. SCOTT
    United States Attorney
 2  COURTNEY J. LINN
    Assistant U.S. Attorney
 3  501 I Street, Suite 10-100
    Sacramento, California  95814
 4  Telephone No. (916) 554-2700
```

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,            )<br>                                      ) | 2:01-CV-02127-LKK-GGH |
|             Plaintiff,               )<br>                                      ) | FINAL JUDGMENT<br>OF FORFEITURE |
|      v.                              )<br>                                      ) | |
| REAL PROPERTY LOCATED AT 18025)<br>NORTH QUARTZ MOUNTAIN ROAD,    )<br>AMADOR COUNTY, FIDDLETOWN,     )<br>CALIFORNIA, APN:015-320-019-  )<br>000, INCLUDING ALL             )<br>APPURTENANCES AND IMPROVEMENTS)<br>THERETO,                       )<br>                                )<br>             Defendant.        )<br>_____) | |

   Pursuant to the Stipulation for Final Judgment of Forfeiture filed herein, the Court finds:

   1.  This is a civil forfeiture action against certain real property listed in the caption above.  The real property is more particularly described as: 18025 N. Quartz Mountain Road, Amador County, Fiddletown, California, APN: 015-320-019-000, legal description:

   BEGINNING at the Southwest corner of that certain Record of Survey for Amador Investment Company, a limited partnership, a portion of

1

```
            Section 8, Township 7 North, Range 11 East,
            recorded August 7, 1969, in Book 15 of Maps and
            Plats, page 39, Records of Amador County, also
            being the Southwest corner of Section 8,
            Township 7 North, Range 11 East, thence North
            00° 26' 58" West 1888.74 to the Northwest corner
            of said parcel; thence South 88° 44' 14" East
            902.85' to the centerline of the Fiddletown
            Quartz Mountain Road; thence Southerly along the
            centerline of said road to the following
            distances:

            1)  South 18° 15' West, 165 feet;
            2)  South 33° 15' West, 140 feet;
            3)  South 23° 15' West, 175 feet;
            4)  South 18° 05' West, 140 feet;
            5)  South 34° 00' West, 140 feet;
            6)  South 13° 00' West, 145 feet;
            7)  South 04° 50' East;  75 feet;
            8)  South 04° 50' East;  25 feet;
            9)  South 73° 00' East;  70 feet;
            10) South 49° 45' East; 165 feet;
            11) South 58° 00' East, 150 feet;
            12) South 40° 30' East,  70 feet;
            13) South 19° 00' East,  75 feet;
            14) South 03° 45' West, 300 feet;
            15) South 05° 53' 46" East, 361.86 feet, to the
            South boundary of said Record of Survey; thence
            North 88° 44' 10" West 950 feet to point of
            beginning.
```

The recorded property owners are the Claimants William A. Lockyer and William F. Olson, as joint tenants.

2.  The United States filed a Complaint for Forfeiture *In Rem* on November 20, 2001, seeking to forfeit the defendant real property. The Complaint alleges, inter alia, that said real property is subject to forfeiture to the United States of America pursuant to 21 U.S.C. § 881(a)(7).

3.  On December 5, 2001, the defendant real property was posted with a copy of the Warrant of Arrest *In Rem*.

4.  On December 26, 2001, a Public Notice of Arrest and Seizure of the defendant real property appeared by publication in <u>The Amador Ledger Dispatch</u>, a newspaper of general circulation in the county in

1  which defendant real property is located (Amador County).

2      5.  In addition to the Public Notice of Posting having been
3  completed, actual notice was acknowledged by the following:
4          a.  William A. Lockyer
           b.  William F. Olson
5          c.  First Nationwide Mortgage Corporation[1]

6      6.  William A. Lockyer, William F. Olson, and CitiMortgage,
7  Inc., successor by merger to First Nationwide Mortgage Corporation,
8  filed verified claims alleging an interest in the defendant real
9  property.  No other parties have filed claims in this matter, and
10 the time for which any person or entity may file a claim and answer
11 has expired.

12     7.  On September 30, 2004, the Court entered a Final Judgment
13 of Forfeiture in this action.  Thereafter, on February 1, 2006, the
14 Court set aside the judgment.

15     8.  At a settlement conference held on April 3, 2006, the
16 United States and Claimants Lockyer and Olson settled the case and
17 placed the terms of the settlement on the record.

18     9.  No other parties have filed claims or answers in this
19 matter, and the time for which any person or entity may file a claim
20 and answer has expired.

21     Based on the above findings, and the Court being otherwise
22 fully advised in the premises, it is hereby

23     ORDERED AND ADJUDGED:

24     10.  The Court adopts the Stipulation for Final Judgment of
25 Forfeiture entered into by and between the parties to this action.

26     11.  Claimants William A. Lockyer and William F. Olson shall

---

[1] CitiMortgage, Inc. is successor by merger to First Nationwide Mortgage Corporation.

3

pay the sum of $105,000.00 to the United States of America, which sum shall be substituted for the defendant real property and forfeited to the United States as the *res* herein, to be disposed of as provided for by law.  Said payments shall be made to the U.S. Marshals Service, and shall be mailed to the U.S. Attorney's Office, Asset Forfeiture Unit, 501 I Street, Suite 10-100, Sacramento, California 95814.  Said payments shall be made on the following terms:

      (a)   A sum of $45,000.00 shall be paid by cashier's check within thirty (30) days of the settlement conference held on April 3, 2006, or within one week from the date Claimants receive approximately $102,011.87 in funds remitted by the Drug Enforcement Administration ("DEA") in connection with a parallel administrative forfeiture proceeding, whichever event occurs later.

      (b)   A sum of $60,000.00 shall be paid by cashier's or personal checks to the United States over a period of sixty months in equal installments of $1,000.00 due on the first business day of each month, beginning with the first full month after the entry of judgment in this case.  No interest shall accrue on this sum.

12.  Until such time as all payments contemplated above are made in full, claimants Lockyer and Olson shall not convey, transfer, encumber, lien, or otherwise pledge the defendant real property without the written consent of the United States, which

4

consent shall not be unreasonably withheld, particularly in circumstances where Claimants determine to sell the property and satisfy any obligations to the United States from the sales proceeds.  The United States shall retain a security interest in the defendant property junior to the present mortgage or lien holder's interest.  In the event that Claimants Lockyer and Olson fail to make any timely payments described in ¶ 11.a-b above, or in the event that Claimants Lockyer and Olson default on their loan obligations to CitiMortgage, Inc., the United States and/or CitiMortgage, Inc. shall give written notice of default to Lockyer and Olson by first class mailing sent to their counsel of record in this matter and to the address of the defendant real property, and to Citimortgage, Inc. and/or the United States.  If Lockyer and Olson are unable or unwilling to cure the default within thirty days after their counsel or Lockyer and Olson receives such notice, then the U.S. Marshals Service shall market and sell the defendant real property without any further order of the Court based on the following terms:

      (a)   The U.S. Marshals Service shall list the defendant real property for sale with a licensed real estate broker or by any other commercially reasonable means.  The U.S. Marshals Service shall have sole authority to handle the marketing and sale of the defendant real property.

      (b)   The U.S. Marshals Service shall have the real property appraised by a licensed appraiser of its choosing.  The U.S. Marshals Service and the

|   |   |   |
|---|---|---|
| 1 |     | appraiser may have access to the defendant real |
| 2 |     | property and structures, buildings, or storage |
| 3 |     | sheds thereon upon 24 hours telephonic notice. |
| 4 | (c) | If necessary, the U.S. Marshals Service, and the |
| 5 |     | real estate broker or designee of the U.S. |
| 6 |     | Marshals Service, shall have the right to put a |
| 7 |     | "lock box" on the property to facilitate the |
| 8 |     | marketing and sale of the property. |
| 9 | (d) | The following costs and expenses shall be paid |
| 10 |    | in escrow from the gross sales price in the |
| 11 |    | following priority and to the extent funds are |
| 12 |    | available: |
| 13 |    | (i) The costs incurred by the U.S. Marshals |
| 14 |    | Service to the date of close of escrow, |
| 15 |    | including the cost of arrest, advertising, |
| 16 |    | maintenance, and sale of the property, including |
| 17 |    | but not limited to realtor fees; |
| 18 |    | (ii) To Amador County, any unpaid real property |
| 19 |    | taxes which shall be prorated as of the date of |
| 20 |    | entry of the Final Judgment of Forfeiture; |
| 21 |    | (iii) To CitiMortgage, Inc., successor by merger |
| 22 |    | to First Nationwide Mortgage Corporation, under |
| 23 |    | the Note secured by a Deed of Trust dated |
| 24 |    | September 17, 1992, recorded on October 8, 1992, |
| 25 |    | as Instrument No. 010614, in the official |
| 26 |    | records of Amador County, California, at the |
| 27 |    | time of the sale of the defendant real property, |
| 28 |    | the following:  The sum of $74,469.61 less any |

|    |                                                                              |
|----|------------------------------------------------------------------------------|
| 1  | principal payments made between September 1,                                 |
| 2  | 2004, and the date of payment, plus all accrued                              |
| 3  | interest, advances for property taxes and                                    |
| 4  | insurance, and costs and fees, including                                     |
| 5  | attorney's fees, due under the promissory note                               |
| 6  | held by claimant CitiMortgage, Inc., except for                              |
| 7  | prepayment or other similar penalty payments.                                |
| 8  | Interest shall be computed at the regular                                    |
| 9  | contractual rate, not at the default rate; and a                             |
| 10 | total fee of not more than $200 to process a                                 |
| 11 | beneficiary demand statement and to record a                                 |
| 12 | reconveyance of the deed of trust.  The exact                                |
| 13 | amount to be paid to claimant CitiMortgage,                                  |
| 14 | Inc., successor by merger to First Nationwide                                |
| 15 | Mortgage Corporation, shall be determined at the                             |
| 16 | time of payment.                                                             |
| 17 | (iv) A real estate commission not to exceed the                              |
| 18 | U.S. Marshals Service contractual brokerage fee;                             |
| 19 | (v) Any county transfer taxes;                                               |
| 20 | (vi) The total amount set forth in ¶ 11 that                                 |
| 21 | remains unpaid at the time of the sale, after                                |
| 22 | deducting the cost and expenses identified in ¶¶                             |
| 23 | 12.d(i)-(v), shall be forfeited to the United                                |
| 24 | States, to be disposed of as provided by law.                                |
| 25 | (vii) Any liens or encumbrances against                                      |
| 26 | defendant real property that appear on record                                |
| 27 | subsequent to the recording of plaintiff's Lis                               |
| 28 | Pendens on November 21, 2001, may be paid out of                             |

Case 2:01-cv-02127-LKK-GGH   Document 105   Filed 05/09/06   Page 8 of 14

```
                                escrow.
                       (viii) All amounts remaining after deducting the
                             expenses set forth in ¶¶ 12.d(i)-(vii) shall be
                             paid to claimants Lockyer and Olson.
                  (e)  The costs of a lender's policy of title
                       insurance (ALTA policy) shall be paid for by the
                       buyer.
                  (f)  All loan fees, "points" and other costs of
                       obtaining financing shall be paid for by the
                       buyer of the defendant property.
                  (g)  Each party to the stipulation for final judgment
                       shall execute all documents necessary to close
                       escrow, if such signatures are required.
                  (h)  The defendant real property shall not be sold
                       for less than an amount sufficient to pay the
                       costs and expenses identified in ¶ 11.a-b  and
                       ¶¶ 12.d(i)-(v) above.
```

     13.   Until the discharge of Lockyer and Olson's obligations, or, in the case of default, the sale of the property under the terms of ¶ 12, claimants William A. Lockyer and William F. Olson shall maintain the defendant real property in the same condition and repair as existed as of the date of the entry of the judgment, normal wear and tear excepted, until they have vacated the premises. The term "maintain" shall include, but is not limited to, keeping the property free of hazard and structural defects; keeping all heating, air conditioning, plumbing, electrical, gas, oil, or other power facilities in good working condition and repair; keeping the property clean and performing such necessary sanitation and waste

8

removal; keeping the property in good condition by providing for lawn and yard maintenance; and other ordinary and necessary items of routine maintenance.

14. Until the discharge of Lockyer and Olson's obligations, or, in the case of default, the sale of the property under the terms of ¶ 12, claimants William A. Lockyer and William F. Olson shall maintain all mortgage payments and insurance policies currently in effect with respect to the property, including policies covering liability to persons injured on said property and for property damage to the defendant real property. Claimants William A. Lockyer and William F. Olson shall arrange for the inclusion of a rider to all of the above-mentioned policies naming the U.S. Marshals Service as the additional insured of the insurance policy.

15. In the event of default and the initiation of sale proceedings under the terms of ¶ 12, claimants William A. Lockyer and William F. Olson shall allow the U.S. Marshals Service personnel, or its agent, the right to enter and inspect the property and all buildings thereon on a monthly basis upon twenty-four (24) hours telephonic notice.

16. In the event of default and the initiation of sale proceedings under the terms of ¶ 12, Claimants William A. Lockyer and William F. Olson shall vacate the defendant real property within thirty (30) days prior to the close of escrow. Claimants further shall remove all of their personal possessions, and the personal possessions of any former occupant, including all vehicles, furniture, and trash, and leave the property clean and in the same state of repair as the property was on the date it was posted. Any and all of claimant's personal possessions, and the personal

9

1  possessions of any former occupant, not removed within thirty (30)
2  days prior to the close of escrow will be disposed of by the United
3  States without further notice.  Any cost incurred by the United
4  States to evict claimants or for disposal of personal possessions
5  shall be deducted from the amount set forth in ¶ 12.d(viii) above.
6       17.  Claimants William A. Lockyer and William F. Olson hereby
7  release plaintiff United States of America and its servants, agents,
8  and employees and Amador County, from any and all liability,
9  including but not limited to liability under the Federal Tort Claims
10 Act, arising out of the execution of the search warrant at the
11 defendant real property in 2001; the initiation and prosecution of
12 this forfeiture action; and the United States' custody of the
13 defendant real property following the entry of the Final Judgment of
14 Forfeiture in September 2004 up through the entry of the Order in
15 February 2006 setting such Final Judgment of Forfeiture aside.  This
16 is a full and final release applying to all unknown and
17 unanticipated injuries, and/or damages arising out of said posting,
18 forfeiture, or sale, as well as to those now known or disclosed.
19 The parties to this agreement agree to waive the provisions of
20 California Civil Code § 1542, which provides: **"A general release**
21 **does not extend to claims which the creditor does not know or**
22 **suspect to exist in his favor at the time of executing the release**,
23 **which if known by him must have materially affected his settlement**
24 **with the debtor."**
25      18.  Claimants William A. Lockyer and William F. Olson
26 agree to release plaintiff United States of America and its
27 servants, agents, and all other federal entities, their servants,
28 agents, and employees, from any and all liability arising out of or

10

in any way connected to the parallel administrative forfeitures, including but not limited to:

      (a)    Any claim to interest on the $102,011.87 funds seized by the DEA that is in the process of being returned to claimants.

      (b)    Any further claims against any and all additional funds that may have been or were administratively forfeited to the United States.

This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said posting, forfeiture, or sale, as well as to those now known or disclosed. The parties to this agreement agree to waive the provisions of California Civil Code § 1542, which provides: **"A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor."**

    19.   Claimants Lockyer and Olson shall bring the note with CitiMortgage, Inc. current by paying any past due principal and interest on the note and advances for property taxes and insurance within thirty (30) days of the settlement conference held on April 3, 2006, or within one week from the date Claimants Lockyer and Olson receive the $102,011.87 funds remitted by the DEA with respect to one of the administrative forfeitures, whichever occurs later. CitiMortgage, Inc. agrees to waive all unpaid late fees and penalties accrued up to the time of the required reinstatement of the loan by Lockyer and Olson as set forth in this paragraph.

    20.   Claimants Lockyer, Olson and CitiMortgage, Inc. agree that

1  the total amount of attorneys' fees incurred by CitiMortgage, Inc.
2  through the date of the entry of final judgment in this case and
3  added to the note and deed of trust shall not exceed $8,500.00; and
4  that said attorneys' fees shall be due and owing on the maturity
5  date provided for in the note; and that said attorneys' fees shall
6  not accrue interest.  Except as specifically provided in this Final
7  Judgment of Forfeiture, all terms and provisions of the note, deed
8  of trust, and all related loan documents shall remain in full force
9  and effect without modification, novation, or amendment.  In the
10 event of default under the terms of the note and deed of trust at a
11 time when Lockyer and Olson have yet to fulfill all of their
12 obligations to the United States, however, CitiMortgage, Inc.'s sole
13 recourse shall be to force a sale under the terms of ¶ 12 above by
14 giving notice, and by giving Lockyer and Olson an opportunity to
15 cure, as provided in such paragraph.  Until such time as Claimant
16 Lockyer and Olson fully satisfy their obligations to the United
17 States under this agreement in full, CitiMortgage, Inc., or its
18 successor, may <u>not</u> proceed with foreclosure on the defendant real
19 property either judicially or nonjudicially as provided for under
20 the terms of the note and deed of trust and California Civil Code §
21 2924 *et seq*.

22      21.  As stated above, Claimants Lockyer and Olson bear sole
23 responsibility for any property taxes that may have accrued on the
24 defendant real property.  However, in any proceeding in which
25 Lockyer and Olson and/or CitiMortgage, Inc. may contest property
26 taxes assessed against the defendant real property, the United
27 States shall communicate to the County of Amador its position that:
28 (a) the United States held title to the property from September 30,

2004, (the date the Final Judgment of Forfeiture was filed) in this case until the case was reopened on February 1, 2006; and (b) that during such period of time, the County of Amador could not lawfully impose a property tax on the United States.

22.  In connection with the obligations of the Claimants with regard to the note and deed of trust and the requirements to CitiMortgage, Inc. under this agreement, CitiMortgage, Inc. shall designate within 30 days of the entry of the Final Judgment of Forfeiture an officer or employee of CitiMortgage, Inc. with whom Claimants Lockyer and Olson may communicate and who will be knowledgeable with respect to the foresaid obligations.

23.  All parties are to bear their own costs and attorneys' fees, including any costs and fees incurred in connection with any post-judgment proceedings, and in connection with any proceedings involving the parallel administrative forfeitures, except as otherwise specifically provided for herein.

24.  Pending full payment of the amounts set forth herein, as described in ¶¶ 11-12 above, the Court shall maintain jurisdiction to enforce the terms of the Final Judgment of Forfeiture.  Upon full payment of the amounts set forth herein, the United States shall cause any and all lis pendens that it has recorded against the defendant real property to be removed, and shall not seek any further forfeiture of the real property based on the events giving rise to this action.

25.  Except as specifically set forth above, nothing in this Final Judgment of Forfeiture or the Stipulation for Final Judgment of Forfeiture filed May 3, 2006, is meant to affect any adjustments
///

13

1  in the rights and responsibilities between Claimants Lockyer, Olson
2  and CitiMortgage, Inc.
3      SO ORDERED THIS 8th day of May, 2006.

/s/Lawrence K. Karlton
LAWRENCE K. KARLTON
Senior Judge
United States District Court